<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN J. MUNIC,<br><br>          Plaintiff,<br><br>     v.<br><br>THE STATE OF NEW JERSEY, et al.,<br><br>          Defendants. | Civil Action No. 14-6084 (FSH)<br><br><br>**MEMORANDUM OPINION** |

**APPEARANCES**:

>Steven J. Munic
>No. 44672E/786292
>Harmony
>Talbot Hall
>100-140 Lincoln Highway
>Kearney, NJ   07032
>Plaintiff Pro Se

<u>**HOCHBERG, District Judge**</u>:

1. This matter is before the Court on Plaintiff's filing of a complaint pursuant to 42 U.S.C. § 1983.  Plaintiff's application to proceed without payment will be granted.  As set forth below, the Complaint will be dismissed.

2. The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.  Plaintiff brings his Complaint challenging his extradition from Lackawanna County, Pennsylvania to Morris County, New Jersey on September 6, 2011.  ECF 1, page 10 of 14.  Plaintiff further challenges conditions set at his bail hearing on September 8, 2011. *Id.*  Plaintiff pled to eluding and resisting arrest on October 12, 2012 and was sentenced to an

eight year sentence with the New Jersey Department of Corrections. *Id.* Plaintiff's challenges to his sentence through post-conviction relief have been unsuccessful. *Id.*

3. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity. The Court must *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

4. To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed. *Id.* at 678 (citations and internal quotation marks omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) ("[A] complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts.") (emphasis supplied). The Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff, even after *Iqbal*. *See generally Erickson v. Pardus*, 551 U.S. 89 (2007).

5. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

6. To the extent that Plaintiff is attempting to raise claims to challenge his extradition on September 6, 2011 and his bail hearing on September 8, 2011, those claims are time barred.

7. The statute of limitations is an affirmative defense that the defendants generally must plead and prove. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the United States Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

8. Federal courts look to state law to determine the limitations period for § 1983 actions. *See Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). Civil rights or constitutional tort claims are

best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *See id.*; *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). The date when a § 1983 action accrues, however, is a matter of federal law. *Wallace*, 549 U.S. at 388. A § 1983 claim accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam) (holding that a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of the injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

9. In this case, Plaintiff alleges that he was extradited to New Jersey on September 6, 2011 and bail hearing was held on September 8, 2011. Plaintiff signed his complaint for filing here on September 23, 2014, just over three years after he was extradited to New Jersey. Under New Jersey's (two years) statute of limitations periods, Plaintiff's claims are time barred. *Hillcrest Property, LLC v. Pasco County*, No. 13-12383, 2014 WL 2748192, at *2 (11th Cir. June 18, 2014); *McGill v. John Does A-Z*, 541 F. App'x 225, 227 (3d Cir. 2013); *Alexander v. Fletcher*, 367 F. App'x 289, 290 (3d Cir. 2010).

10. It is apparent from the face of the Complaint that Plaintiff's claims stemming from the extradition and bail hearing are time barred and this Court will dismiss them as untimely. *See Paluch v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 690, 694 n.2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 392

F. App'x 938, 943 (3d Cir. 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.").

11. To the extent Plaintiff may be challenging his underlying conviction and seeking release, such a claim is not cognizable in a civil rights case. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that a person may not obtain equitable relief under 42 U.S.C. § 1983 releasing him from confinement. *See also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). The Court ruled that when a person in custody is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.

12. Furthermore, any § 1983 claim against any of the named defendants based on the contention that Plaintiff's conviction was invalid or erroneously obtained in violation of his constitutional rights also is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

13. In *Heck*, the Supreme Court addressed a corollary question to that presented in *Preiser*, i.e., whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983 (a form of relief not available through a habeas corpus proceeding). The Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment. *See Heck*, 512 U.S. at 486-87.

14. Since a habeas corpus petition would be the proper mechanism to raise a challenge related to release from custody, and since the lawfulness of his criminal judgment may not be addressed here, Plaintiff's claims stemming from his conviction are not viable in this action.

15. Thus, for the reasons set forth above, Plaintiff's complaint will be dismissed.  An appropriate order follows.


                                           s/ Faith S. Hochberg  
                                           FAITH S. HOCHBERG, U.S.D.J.

DATED:   October 6, 2014